UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GARY DARNELL BYRD, *et al*.<br><br>Plaintiffs,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC., *et al*.<br><br>Defendants. | Case No. 2:14-cv-02010-RFB-VCF<br><br>**OPINION & ORDER**<br><br>Defendants' Motions for Summary Judgment (Dkt. No.'s 31 and 33) and Defendant SPS' Motion to Expunge Lis Pendens (Dkt. No. 32) |

## I.   INTRODUCTION

Before the Court are Defendant Select Portfolio Servicing's (SPS) Motion for Summary Judgment, (Dkt. No. 31), and Defendants Bank of New York, (BONY), Countrywide, and Mortgage Electronic Registration Services' (MERS) Motion for Summary Judgment, (Dkt. No. 33). Before the Court, additionally, is Defendant SPS' Motion to Expunge Lis Pendens. (Dkt. No. 32). For the reasons stated below, the Court GRANTS summary judgment as to all of Plaintiffs' claims in Defendants' favor. The Court also GRANTS Defendant's Motion to Expunge Lis Pendens.

## II.   BACKGROUND
### A.   Procedural History

On November 7, 2014, Plaintiffs filed their Complaint *pro se* in the Eighth Judicial District Court of Clark County, Nevada. On December 3, 2014, the case was removed to Federal Court. An Amended Complaint was filed on September 2, 2015. The Amended Complaint alleges Breach of Contract, Slander of Title, and Fair Debt Collection Practices Act claims as well as state

law debt collection claims, under 15 U.S.C. § 1692 and N.R.S. § 649, against Defendants, based upon a Notice of Default and foreclosure process that was commenced against Plaintiffs.

Defendant SPS filed a Motion to Dismiss and a Motion to Expunge Lis Pendens on September 17, 2015. Defendants BONY, Countrywide, and MERS, filed a Motion to Dismiss on October 1, 2015. Plaintiffs filed Responses to SPS' Motion to Dismiss and Motion to Expunge Lis Pendens on October 5, 2015. Plaintiffs filed a Response to BONY, Countrywide, and MERS' Motion to Dismiss on October 16, 2015. Defendants filed Replies on October 22, and October 23, 2015. Plaintiffs filed a sur-reply on November 12, 2015.

On July 28, 2016, a hearing was held on the Motions to Dismiss. Plaintiffs failed to appear at this hearing. The pending Motions to Dismiss were converted into Motions for Summary Judgment. BONY, Countrywide, and MERS submitted supplemental briefing at the Court's request on August 3, 2016. On August 18, 2016, another hearing was held, at which Plaintiffs made an appearance. At this hearing, Plaintiffs were given until September 19, 2016, to file a Response to Defendants' supplemental briefing. Plaintiffs did not file a Response.

### B. Factual Background

The Court incorporates its discussion from its hearing on August 18, 2016. At that hearing, the Court maintained that no disputes remain as to issues of material fact in this case. The Court invited Plaintiffs to submit supplemental factual briefing on the Defendants' converted Motions for Summary Judgment, but Plaintiffs did not submit any additional briefing. The Court finds the following facts undisputed:

On or about March 21, 1997, Plaintiffs purchased the property located at 8144 Kokoma Drive, Las Vegas, Nevada (the "property"). On November 17, 2005, Plaintiffs obtained a mortgage loan in the amount of $364,500. The loan was evidenced by a Promissory Note in favor of Countrywide Home Loans, and secured with a Deed of Trust against the property, naming MERS as the beneficiary as nominee for Countrywide and its successors and assigns. This Deed was recorded on December 16, 2005.

On or about August 15, 2009, a Corporation Assignment of Deed of Trust was recorded, wherein the 2005 Deed of Trust and Note was assigned to BONY. On September 12, 2013, a Substitution of Trustee was recorded, whereby National Default Servicing Corporation ("NDSC") was substituted as Trustee on the 2005 Deed of Trust.

On April 13, 2007, a second Deed of Trust was recorded, wherein CitiFinancial, Inc., was stated as the beneficiary. This Deed secured a loan in the amount of $16,113.93. On November 14, 2013, a Corporate Assignment of Deed of Trust was recorded, whereby U.S. Bank, N.A., as Trustee, was assigned all the beneficial interest in the second Deed of Trust.

Plaintiffs defaulted on their loan payments. On October 9, 2014, a Notice of Default and Election to Sell under Deed of Trust was recording, stating BONY as the beneficiary on the 2005 Deed of Trust and Note.

### III.     LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Johnson v. Poway Unified Sch. Dist., 658 F.3d 954, 960 (9th Cir. 2011). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted).

### IV.     ANALYSIS
#### A.  Count 1: Breach of Contract

"Basic contract principles require, for an enforceable contract, an offer and acceptance, meeting of the minds, and consideration." May v. Anderson, 119 P.3d 1254, 1257 (Nev. 2005).

- 3 -

Breach of contract is "a material failure of performance of a duty arising under or imposed by agreement." Bernard v. Rockhill Dev. Co., 734 P.2d 1238, 1240 (Nev. 1987). A breach of contract claim under Nevada law requires (1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach. Richardson v. Jones, 1 Nev. 405, 409 (1865); Rivera v. Peri & Sons Farms, Inc., 735 F.3d 892, 899 (9th Cir. 2013) (citing Richardson).

In this case, Plaintiffs were parties to a mortgage loan contract, evidenced by a Promissory Note and secured by a Deed of Trust. Plaintiffs did not fully perform their obligations as borrowers under this contract. Plaintiffs do not dispute that they defaulted on their loan payments pursuant to the Promissory Note they originally signed with Countrywide Home Loans. On October 9, 2014, a Notice of Default and Election to Sell under Deed of Trust was recorded. See Dkt. No. 10, Defs' Ex. H. Therefore, Plaintiffs failed to perform their obligations under the Promissory Note that they signed in 2005, and cannot raise a valid claim of breach of contract against Defendants for exercising their power of sale, under the contract, upon Plaintiffs' breach.

Although Plaintiffs admit that they defaulted on their loan payments, Plaintiffs argue that assignment of the Deed of Trust on their home constituted full satisfaction of the underlying debt on their mortgage loan, and that therefore, they were excused from performance of their contract on their loan. This premise underlies their claim that Defendants breached the loan agreement by failing to reconvey the property to the Byrds when their underlying debt obligations were "satisfied" when the Deed of Trust was assigned. However, Plaintiffs' premise is incorrect. The securitization process did not diminish Plaintiffs' obligation to pay, under the Promissory Note and Deed of Trust. The terms of the instant Deed of Trust allow for transfer of the Note and Deed of Trust without affecting the security interest in the property. See Dkt. No. 28, Ex. D at 13 (stating that "[t]he Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to the Borrower). Nevada law recognizes securitization and assignments of deeds of trust without notice to the borrowers. See Edelstein v. Bank of New York Mellon, 286 P.3d 249, 258-59 (Nev. 2012) (interpreting provisions in a Deed of Trust identical to those at issue in the instant Deed of Trust, to find that MERS was the proper beneficiary and "had the authority to transfer the note on behalf of [lender] and its successors and assigns."). As

Defendants correctly argue, securitization of a loan, as has occurred in this case, does not diminish the underlying power of sale that can be exercised upon the breach by Plaintiffs of their Note and Deed of Trust. See Wood v. Germann, 331 P.3d 859 (Nev. 2014).  Plaintiffs breached their contractual obligations to pay, under the loan agreement, and Defendants were permitted, under Nevada law, to exercise their rights and power of sale pursuant to the agreement. Therefore, Plaintiffs' breach of contract claim fails.

The Court grants summary judgment in favor of all Defendants with respect to Plaintiffs' claim of breach of contract.

### B. Count 2: Slander of Title

Plaintiffs have alleged that the statement that MERS could assign "beneficial interest (personal property) alternate means of collection, rights, and title" is a false statement. To state a slander of title claim, a plaintiff must allege a "false and malicious communication, disparaging to [his] title in land, and causing special damage." See Exec. Mgmt., Ltd. v. Ticor Title Ins. Co., 963 P.2d 465, 478 (Nev. 1998). Defendants argue that Plaintiffs fail to allege any false statement that purportedly caused damage to the title of the property. Under Nevada law, MERS may be a valid beneficiary of a deed of trust, and such a designation does not irreparably split the note and deed of trust. MERS has the authority to transfer the note on behalf of [the lender] and its successors and assigns. See Edelstein v. Bank of N.Y. Mellon, 286 P.3d 249, 260 (Nev. 2012); Turner v. Bank of America Home Loans, 541 Fed. Appx. 786 (9th Cir. 2013). Furthermore, Plaintiffs have not alleged any facts regarding "special damage".

Therefore, Plaintiffs have not alleged facts to support any false communication on MERS' part, nor any special damage that they suffered. They may not recover under a slander of title cause of action. The Court grants summary judgment in favor of all Defendants with respect to Plaintiffs' slander of title claim.

### C. Count 3: Violation of Fair Debt Collection Practices Act, 15 U.S.C. § 1692; and N.R.S. § 649

"A violation of any provision of the Fair Debt Collection Practices Act, 15 U.S.C. 1682 et

seq., or any regulation adopted pursuant thereto, shall be deemed to be a violation of N.R.S. § 649." N.R.S. § 649.37. The Court will therefore treat Plaintiffs' FDCPA and N.R.S. claims together. "The Fair Debt Collection Practices Act prohibits 'debt collector[s]' from making false or misleading representations and from engaging in various abusive and unfair practices." Heintz v. Jenkins, 514 U.S. 291, 292 (1995). The Act specifies various prohibited practices, stating, for example, that a debt collector may not use violence, obscenity, or repeated annoying phone calls, 15 U.S.C. § 1692(d); may not falsely represent "the character, amount, or legal status of any debt," § 1692(e)(2)(A); and may not "unfair or unconscionable means to collect or attempt to collect" a consumer debt, § 1692(f). See id. "The FDCPA defines the phrase 'debt collector' to include:  (1) 'any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts,' and  (2) any person 'who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.'15 U.S.C. § 1692a(6)." Schlegel v. Wells Fargo Bank, NA, 720 F.3d 1204, 1208 (9th Cir. 2013).

Plaintiffs have raised these federal and state claims only against Defendant SPS. Aside from a conclusory allegation that SPS has used unconscionable means to collect on a non-existent debt, Plaintiffs have raised no specific facts regarding their FDCPA claim. Since Plaintiffs have not alleged any facts regarding "unconscionable means" of collection or abusive debt collection, these claims fail. As analyzed in Section IV. B., supra, Plaintiffs have not provided any evidence to refute the fact that they defaulted on their loan obligations, nor any law to refute the point that securitization does not necessarily diminish the underlying power of sale in a loan agreement. Plaintiffs cannot refute that they were in default on their loan. On October 9, 2014, a Notice of Default and Election to Sell under Deed of Trust was properly recorded. Therefore, the Court grants Summary Judgment in favor of Defendant SPS with respect to Plaintiffs' FDCPA and N.R.S. § 649 claims.

### D. Motion to Expunge Lis Pendens

Defendants renew their Motion to Expunge Lis Pendens, which was denied without prejudice when Plaintiffs were given leave to amend their original complaint. Pursuant to N.R.S.

§ 14.015(2-3), a lis pendens must be expunged if upon 15 days' notice, the party that recorded the lis pendens fails to establish to the satisfaction of the court either ("(a) that the party who recorded the notice is likely to prevail in the action; or (b) that the party who recorded the notice has a fair chance of success on the merits in the action…". N.R.S. § 14.015(3)(a-b). If the court finds that the party who recorded the notice of pendency of the action has failed to establish any of the matters required by the statute, the court must order the cancellation of the notice of pendency and shall order the party who recorded the notice to record with the recorder of the county a copy of the order of cancellation. Id. Since summary judgment has been granted for Defendants on all of Plaintiffs' claims, the Court orders cancellation of the notice of pendency, which has the same effect as an expungement of the original notice, and orders Plaintiff to record with the recorder of Clark County a copy of the order of cancellation.

### V.     CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motions for Summary Judgment are GRANTED. The case is hereby closed.

**IT IS FURTHER ORDERED** that the notice of pendency regarding 8144 Kokoma Drive, Las Vegas, Nevada, is cancelled. This has the same effect as an expungement of the original notice. Plaintiff is ordered to record with the recorder of Clark County a copy of this order of cancellation. If Plaintiff does not record a copy of this order, the Defendants may seek leave to do so.

**DATED** this 29th day of September, 2016.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**